IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

                Plaintiffs,

vs.                                                Civ. No.  09-449 JH/KBM

MARY HERRERA, in her official capacity
as New Mexico Secretary of State,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court once again on written motions. These are *Plaintiffs' Emergency Motion for Reconsideration and Alternative Motion to Certify Order for Interlocutory Appeal* [Doc. Nos. 108 and 113][1], which appear to be two versions of the same motion. After reviewing the motions and the arguments of the parties, the Court concludes that the motion to reconsider should be granted in part and denied in part.

### DISCUSSION

Plaintiffs ask the Court to reconsider its decision granting, in part, Defendant's motion to dismiss. Specifically, Plaintiffs ask the Court to vacate its December 8, 2009 Memorandum Opinion and Order dismissing with prejudice Counts II-C, III-A, III-B, III-C, V, and VI of their Complaint.

---

[1] The titles of these motions appear to be in error, for while both motions nominally request certification [Doc. No. 108 at 3 and Doc. No. 113 at 3], neither document discusses the substantive requirements for an order certifying a case for interlocutory appeal. As neither Plaintiffs nor Defendant have discussed the certification issue in their papers, the Court concludes that certification for interlocutory appeal is not at issue.

As grounds for their motion, Plaintiffs contend that they should be permitted to amend their complaint. However, the Court has addressed that issue and has denied Plaintiffs' motion for leave to amend as both untimely and unfairly prejudicial to the Defendant. Next, Plaintiffs argue that the Court should reconsider based upon decisions from other federal district courts that were issued after this Court's December 8, 2009 Memorandum Opinion and Order on Defendants' motion to dismiss. Plaintiffs contend that these decisions constitute an intervening change in the law. The Court disagrees. The decisions upon which Plaintiffs rely either are not binding upon this Court or were decided before this Court's December 8, 2009 Memorandum Opinion and Order. For example, *Workers World Party v. Vigil-Giron*, 693 F. Supp. 989 (D.N.M. 1998) was decided more than eleven years ago and therefore cannot constitute an "intervening change" in the law. Plaintiffs do not explain why they did not cite this case in their response to the motion to dismiss. Similarly, *Block v. Mollis*, 618 F. Supp. 2d 142 (D.R.I. 2009) was decided in May of 2009, well before this Court issued its decision. Furthermore, these district court decisions, as well as *Fontes v. City of Central Falls*, 2009 WL 3230779 (D.R.I. October 8, 2009) (unpublished) may have persuasive value, but they are not binding upon this Court.

Third, Plaintiffs argue that the Court has misunderstood the "true nature" of its claims, particularly in Count V. They argue that Defendant's motion to dismiss was "more in the nature of motion [sic] for summary judgment . . . and should be considered in the context of separately filed motions for summary judgment." Doc. No. 113 at 4. Again, the Court disagrees. The Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), which tests the sufficiency of the pleadings, and the Court ruled upon it as such. Having found that certain counts of the Complaint failed to state a claim under that Rule, the Court need not examine those claims under Rule 56 as the Plaintiffs now urge.

Finally, Plaintiffs take issue with the Court's analysis in its rulings regarding Counts V, VI, and IX of their Complaint.  After reviewing Plaintiffs' arguments concerning Counts VI and IX, the Court finds no reason to reconsider its decision regarding those Counts.  With regard to Count V, the Court is similarly convinced that its reasoning regarding the portion of that claim that it addressed in its December 8, 2009 Memorandum Opinion and Order—specifically, the validity of petition requirements demanding that minor party candidates show a "modicum of support" is correct.  However, as pled by the Plaintiffs, Count V is lengthy and complex, and upon review the Court concludes that its December 8 decision did not address certain aspects of Count V which were not discussed in the motion to dismiss.

For example, in Count V of their Complaint Plaintiffs allege that the petition signature requirements of the New Mexico Election Code violate the principle of "one man, one vote" because candidates from different parties running for the same office in the same Congressional district are required to have different numbers of signatures on their nominating petitions.  *See* Doc. No. 1 at ¶ 148-149.  Similarly, Plaintiffs allege that candidates who are members of the same party but running for Congress in different districts face different requirements regarding the number of signatures on their nominating petitions.  *Id*.  Furthermore, Plaintiffs allege that under Sections 1-8-7 and 1-8-8 of the Election Code, a major party candidate can obtain access to the ballot as a replacement for a deceased or resigning candidate of his party merely by being designated by the party as a replacement candidate without satisfying any nominating petition requirements.  *Id*. at ¶ 159-160.  In contrast, the New Mexico Election Code has no provision permitting minor parties to replace deceased or resigning candidates.  *Id*. at ¶ 161.  A review of Defendant's motion to dismiss reveals that it did not discuss these aspects of Count V, nor did the Court address them in its December 8, 2009 decision.

Accordingly, the Court withdraws its decision dismissing the whole of Count V of the Complaint with prejudice. The portion of Count V that the Court addressed in its December 8, 2009 decision continues to be dismissed with prejudice, but the remainder of Count V not addressed in the motion to dismiss remains pending. At this time the Court expresses no opinion regarding the merit of the remainder of Count V.

_____
**UNITED STATES DISTRICT JUDGE**