IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

          Plaintiffs,

vs.                                     Civ. No.  09-449 JH/KBM

MARY HERRERA, in her official capacity
as New Mexico Secretary of State,

          Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiffs' Emergency Motion for Entry of Final Judgment on Counts II-A, II-B, and IV* [Doc. No. 115] of their Complaint.

## DISCUSSION

**I.    COUNT II-A**

In Count II-A of the Complaint, Plaintiffs have contested the requirement, found in Section 1-8-18 of the Election Code, that a candidate for nomination by a political party demonstrate, through voter registration records, that he is affiliated with that political party. Similarly, Section 1-8-45(C) of the Election Code provides that an independent candidate for U.S. Representative must be a qualified elector registered to vote in New Mexico at the time of filing the declaration of independent candidacy. The combined effect of these provisions is that one may not run for the office of U.S. Representative in New Mexico unless one is registered to vote—a requirement that this Court found to be unconstitutional under *Campbell v. Davidson*, 233 F.3d 1229 (10th Cir. 2000).

The Court denied Defendant's motion to dismiss and granted summary judgment in favor of Plaintiff Daniel Fenton on this issue, holding that the Election Code cannot require a candidate to be registered to vote in order to run for the office of U.S. Representative.

Now, Plaintiffs urge the Court to order the Secretary of State to place Fenton on the ballot, regardless of whether he has fulfilled any other requirements of the Election Code, such as filing a nominating petition with the required number of signatures or a Declaration of Candidacy form. However, Plaintiffs do not state *how* Fenton should be placed on the ballot—whether as a member of a major party, a minor party, or as an independent.  Furthermore, the Complaint [Doc. No. 1] is devoid of allegations in this regard.  Instead, Plaintiffs argue that this ambiguity in Fenton's status is the reason that he should be placed on the ballot without having to satisfy any of the prerequisites set forth in the Election Code.  In essence, they seem to contend that Fenton's unregistered status is the reason the Court should order the Secretary of State to place him on the ballot.  They argue:

> This is not a case where the Court can merely strike an offending provision of the Election Code as if Fenton were a registered voter because there is no consistency in the requirements that must be satisfied by all registered voters seeking the office of U.S. Representative.  Specifically, the number of petition signatures a candidate must collect, and the filing date for candidate petitions, are all different depending on whether the candidate is a Republican or Democrat, the candidate of a minor party, or an independent.  Therefore, to determine what requirements Fenton must satisfy, the Court must "assign" him the status of either Republican, Democrat, minor party candidate or independent.  Making such an assignment is beyond the scope of the Court's authority.

Doc. No. 115 at 3 (footnote omitted).  In other words, because Fenton is not registered to vote and he has refused to identify himself either as a member of any party or as an independent candidate (i.e., he has refused to make the "assignment" he alludes to in the last sentence in the paragraph above), he believes he is entitled to placement on the ballot without satisfying any of the statutory requirements imposed upon other candidates.

2

The Court cannot see the logic in this position. The Defendant is correct in pointing out that Fenton must determine whether he wants to run as a member of a party or as an independent, and then he must fulfill all of the statutory obligations of such candidates with the exception of the voter registration requirement. If the statute requires him to prove membership in a party, Fenton must do so, though the Secretary of State may not require that he make such proof solely through voter registration. However, the Court will not excuse Fenton from meeting the other ballot access requirements set forth in the Election Code.

## II. COUNT II-B

In Count II-B, Plaintiffs have relied upon Sections 1-8-29 and 1-8-48 of the Election Code, which require major party candidates and independent candidates, respectively, to file a "Declaration of Candidacy" form with the Secretary of State. The Election Code contains no such requirement for minor party candidates. However, the Secretary of State still requires that candidates from minor parties fill out a form titled "Declaration of Candidacy—Minor Party," which requires the candidate to identify his address and to establish his affiliation with the minor party, both in accordance with his or her voter registration card. In its previous Memorandum Opinions and Orders, the Court held that it is not unconstitutional for the Secretary of State to require minor party candidates to fill out Declaration of Candidacy forms. However, the Court also held that, in accordance with its ruling as to Count II-A, the Secretary of State may not use the Declaration of Candidacy form to require that a candidate for U.S. Representative be registered to vote.

Again, Plaintiffs argue that the appropriate relief under Count II-B is a directive from the Court to the Defendant ordering her to place Plaintiff Fenton on the 2010 general election ballot for U.S. Representative, without regard to whether he has fulfilled any of the other applicable statutory ballot access requirements. For the same reasons discussed above, the Court concludes that

3

Plaintiffs' requested relief is not appropriate and is overbroad. The Secretary of State may not require proof of voter registration as the sole method by which a candidate can demonstrate party affiliation, place of residence, or any other ballot access requirement.

## III.    COUNT IV

With regard to Count IV, the Court has found that there is a contradiction within the Election Code as to whether signers of minor party petitions are required to write their address of residence or the address that appears on their voter registration. The Court granted partial summary judgment in favor of the Green Party on this issue. Plaintiffs argue that as a result of this ruling, the Court should simply order the Defendant to qualify the Green Party of New Mexico as a minor political party for the 2010 election, effectively absolving it from all petition requirements. The Secretary of State, in turn, proposes that the Court order her to accept petition signatures accompanied by either the address as registered or the address of residence.

According to the Plaintiffs, the Secretary of State cannot require minor parties to collect signatures using the qualifying petitions signature form published by her office. Plaintiffs argue that the Court "cannot require the Secretary to accept all petition signatures, regardless of the address reported on them, because that would require the Secretary to accept an indeterminate number of signatures in violation of one or another relevant provision of the Election Code or the Secretary's requirements." Doc. No. 115 at 4 (footnote omitted).

The Court agrees with the Secretary of State on this issue. Given the contradiction within the Election Code, any relief ordered by the Court will force the Defendant to violate some portion of the statute. However, the relief proposed by the Plaintiffs—eliminating the petition signature requirement altogether and simply ordering that the Green Party be qualified—does the most violence to the Election Code. On the other hand, ordering the Secretary of State to accept petition

signatures with <u>either</u> the residential address or address as registered eliminates the question of which address is required and enables Plaintiffs to gather their signatures, while staying true to the Legislature's intent that in order to be qualified, parties must file signed petitions. *See* NMSA 1978, § 1-7-2(A). Accordingly, the Court concludes that this is the most appropriate form of relief.

## CONCLUSION

Finally, the Court concludes that the parties' motions for expedited hearing [Doc. Nos. 20 and 96] should be denied as moot because the Court has, in fact, expedited its treatment of this case, moving it ahead of older civil cases in order to address many of the myriad motions filed by the Plaintiffs.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Emergency Motion for Entry of Final Judgment on Counts II-A, II-B, and IV* [Doc. No. 115] is **GRANTED IN PART** and **DENIED IN PART** as further described herein, and that the motions for expedited treatment [Doc. Nos. 20 and 96] are **MOOT**. The Court is filing a *Partial Final Judgment on Counts II-A, II-B, and IV* contemporaneously with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE