IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

                Plaintiffs,

vs.                                                      Civ. No. 09-449 JH/KBM

MARY HERRERA, in her official capacity
as New Mexico Secretary of State,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiffs' Emergency Motion for Entry of Revised Partial Final Judgment* [Doc. No. 176]. In the motion, filed May 2, 2010, Plaintiffs Daniel Fenton and the Green Party of New Mexico ask the Court to amend its *Partial Final Judgment* to certify it for interlocutory appeal. The Defendant chose not to respond to the motion, and accordingly Plaintiffs filed their *Notice of Briefing Complete* [Doc. No. 184] on May 19, 2010.

## DISCUSSION

On April 5, 2010, this Court entered a Partial Final Judgment in favor of Plaintiffs on Counts II-A, II-B and IV of Plaintiffs' original complaint in 09cv449.[1] The Plaintiffs appealed and the Tenth Circuit Court of Appeals found that it lacked jurisdiction under 28 U.S.C. § 1291 because this

---

[1] This case has been consolidated with 10cv123, a case brought against the New Mexico Secretary of State by Alan Woodruff and the Green Party of New Mexico, and 10cv124, a case brought by plaintiffs Reform Party of New Mexico, La Raza Unida, and the New Mexico Libertarian Party (all represented by Alan Woodruff), who assert claims extremely similar (and in some cases virtually identical) to those presented in this case.

Court had not certified its decision as final and appealable under Fed. R. Civ. P. 54(b).[2] In their present motion, Plaintiffs ask the Court to make that certification. In *Stockman's Water Company v. Vaca Partners*, the Tenth Circuit held "that courts entering a Rule 54(b) certification should clearly articulate their reasons and make careful statements based on the record supporting their determination of finality and no just reason for delay so that we can review a 54(b) order more intelligently and thus avoid jurisdictional remands." 425 F.3d 1263, 1265 (10th Cir. 2005) (quotation, alterations omitted). In addition to finding there is no just reason for delay, the Court must also find that the judgment is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *See Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7 (1980). *See also McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1998). In making this determination under Rule 54(b), the Court must look to whether the claims under review are separable from those remaining to be adjudicated, as Rule 54(b)'s finality requirement is only satisfied if "the claims resolved are distinct and separable from the claims left unresolved." *Old Republic Ins. Co. v. Durango Air Svc., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002) (quoting *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)).

In Count II-A of 09cv449, Plaintiffs alleged that requiring a candidate for U.S.

---

[2] Rule 54(b) provides:

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Representative to register to vote in New Mexico violates the Qualifications Clause.  In Count II-B of 09cv449, Plaintiffs alleged that requiring minor party candidates for U.S. Representative to file a Declaration of Candidacy form and requiring such candidates to register to vote in New Mexico violates both the Elections and Qualifications Clauses.  This Court has ruled that it is indeed unconstitutional to require a candidate to be registered to vote in the state he seeks to represent, but held that it is not unconstitutional to require minor party candidates to file Declaration of Candidacy forms, just as their independent and major party counterparts must do. This Court entered final judgment on those claims in favor of Daniel Fenton, who is not a party to either of the two consolidated cases, 10cv123 and 10cv124.  The complaints in those two cases, in addition to being similar to the complaint in 09cv449, are almost identical to each other, and the plaintiffs in those cases asserted essentially the same legal claims.  *See* Counts II-C and VII in 10cv123 and 10cv124.

The Court concludes that the issues raised in Counts II-A and II-B of 09cv449, which this Court has ruled upon (*see* Doc. Nos. 103, 128, 151), have been disposed of, and those rulings are final.  While Plaintiffs Woodruff and the Green Party, as well as some new plaintiffs, have asserted the same claims in the consolidated cases, that does not breathe new life into those claims.  These are purely legal causes of action based upon the content of the New Mexico Election Code, and the new claims do not appear to be based on different facts.  Instead, they are the same constitutional challenges to the statute that this Court has already ruled upon.  Furthermore, while similar to the other pending claims in these consolidated actions insofar as they are all challenges to the New Mexico Election Code, the claims in Counts II-A and II-B are distinct and separable from those that remain.  In other words, it does not appear that a decision on one or more of the remaining claims, each of which implicates a different aspect of the Election Code, will alter or otherwise affect the

ultimate decision regarding Counts II-A and II-B. Accordingly, the finality requirement is satisfied.

The same is true of Count IV of the Complaint in 09cv449, in which plaintiffs argued that the Election Code is internally inconsistent, and therefore unconstitutionally vague, as to whether signers of candidate petitions must put down their address of residence or their address as registered to vote. The Court dismissed the Libertarian Party's claim on res judicata grounds but granted in part the Green Party's motion for summary judgment on this claim. *See* Doc. Nos. 103 and 106. The plaintiffs in the two consolidated cases bring the same claim, which is subsumed within Count III of their complaints in those cases. Again, this is a purely legal claim that is based upon the same facts—the text of the New Mexico Election Code—and the same constitutional arguments as the claim this Court has already ruled upon in Count IV of 09cv449. The fact that plaintiffs are asserting the claim again in new cases, now consolidated with this case, does not breathe new life into that cause of action. As with Counts II-A and II-B, Count IV is also distinct and separable from the remaining claims to be adjudicated. Thus, the finality requirement is satisfied as to Count IV as well.

Finally, the Court must determine whether any just reason exists to delay entry of final judgment on Counts II-A, II-B, and IV. The Court finds that no such reason exists. The subject of this lawsuit is the current election for United States Representative. The New Mexico primary is scheduled to take place on June 1, 2010, and the general election will be held on November 2, 2010. The plaintiffs seek rulings that could affect the contents of the ballots in those elections. Accordingly, the ends of justice are served by entering final judgment at this time.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Emergency Motion for Entry of Revised*

*Partial Final Judgment* [Doc. No. 176] is **GRANTE**D, and an Amended Partial Final Judgment will be entered simultaneously with this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**