IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

           Plaintiffs,

vs.                                        Civ. No.  09-449 JH/KBM

MARY HERRERA, in her official capacity
as New Mexico Secretary of State,

           Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Plaintiff's Motion for Reconsideration and Alternative Motion to Set for Trial* [Doc. No. 125], in which Plaintiffs Alan Woodruff and the Green Party of New Mexico ask this Court to reconsider its decision denying their motion for summary judgment on Count III-D of their Complaint[1], in which they aver that Defendant's practice of permitting straight party voting violates their right to equal protection as well as the Elections Clause of the United States constitution.[2]  For the reasons set forth more fully below, the Court concludes that the Plaintiff's motion should be denied.

## PROCEDURAL BACKGROUND

The Court has addressed Count III-D of Plaintiffs' Complaint on several prior occasions.

---

[1] This refers to the Complaint filed by Plaintiffs in their first case, Civ. No. 09-449 JH/KBM.

[2] On page 1 of their motion, Plaintiffs refer to Count III-A, but the body of their motion refers to this Court's decision regarding straight party voting as discussed in Doc. No. 124.  That discussion pertained to Count III-D, and so the Court surmises that Plaintiffs' reference to Count III-A, which has nothing to do with straight party voting, is a typographical error.

First, in a Memorandum Opinion and Order entered December 8, 2009, the Court denied Defendant's Rule 12(b)(6) motion to dismiss Count III-D for failure to state a claim, concluding that Plaintiffs' complaint contained sufficient allegations to support their assertion that they were similarly situated to major party candidates and qualified minor party candidates. Doc. No. 103 at 18. Then, in a Memorandum Opinion and Order entered December 11, 2009 [Doc. No. 106], the Court addressed Plaintiffs' motion for summary judgment on Count III-D. The Court denied Plaintiffs' motion for summary judgment with regard to their claim that the straight party voting option violates the Elections Clause, concluding that the case on which Plaintiffs relied, *Libertarian Party of Ohio v. Brunner*, 567 F. Supp. 2d 1006 (S.D. Ohio 2008) was both non-binding and distinguishable. Doc. No. 106 at 5-6. The Court had discussed *Brunner* in prior rulings, *see, e.g.*, Doc. No. 103 at 14-15; Doc. No. 106 at 4, and concluded again that despite that case, Plaintiffs were not entitled to prevail on their Elections Clause claim with regard to straight party voting.

Next, the Court turned once again to Plaintiffs' claim in Count III-D that straight party voting violates the Equal Protection clause of the Fourteenth Amendment. Plaintiffs moved for summary judgment on that claim, and the Court requested additional briefing from the parties regarding the correct legal standard to be applied to its analysis. Doc. No. 106 at 6-7. After reviewing the parties' arguments, the Court decided to apply the balancing test set forth in *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983), in which the Supreme Court set forth the legal framework for resolving constitutional challenges to a State's election laws. After conducting an analysis under the *Anderson* balancing test, the Court denied Plaintiffs' motion for summary judgment. Doc. No. 124 at 9-12.

## DISCUSSION

First, Plaintiffs contend that the Court erred in failing to consider that Mary Herrera testified

2

at her deposition that she does not like the straight party voting option, and that this is the only admissible evidence of the State's interest in permitting straight party voting. The Court disagrees. While Ms. Herrera may *personally* dislike straight party voting, the State has interests in straight party voting apart from the personal preferences of its Secretary of State, who is sued here in her official capacity. That is, her personal preferences are hardly determinative of the State's interest in the straight party voting option for the purposes of constitutional analysis. As discussed in this Court's Memorandum Opinion and Order entered on February 1, 2010 (Doc. No. 124), the Defendant has come forward with sufficient evidence of its interest running an orderly election and in making voting easier for those voters who wish to vote only for candidates of one party. In accordance with *Anderson*, the Court balanced these interests against the burden on Plaintiffs' Fourteenth Amendment rights and concluded that straight party voting did not violate Plaintiffs' rights under the Equal Protection clause. Doc. No. 124 at 11-12. Nothing in Plaintiffs' motion to reconsider persuades the Court that it erred in that determination.

Next, Plaintiffs argue that the Court failed to discuss their argument, relying upon the *Brunner* opinion, that straight party voting violates the Elections Clause. However, the Plaintiffs overlook this Court's discussions and rulings on this issue in previous Memorandum Opinions and Orders (Doc. Nos. 103 and 106) as described above. In their very brief discussion of this issue, Plaintiffs offer no new arguments that persuade the Court that its previous rulings were in error. For the reasons stated in those rulings, the Court is convinced that both its reasoning and its conclusion on this issue were correct. Thus, the motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Reconsideration and Alternative Motion to Set for Trial* [Doc. No. 125] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**