IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

                Plaintiffs,

vs.                                                                                              Civ. No.  09-449 JH/KBM
                                                                                                  *consolidated with*
MARY HERRERA, in her official capacity                          Civ. No. 10-123 JH/KBM
as New Mexico Secretary of State,                                    Civ. No. 10-124 JH/KBM

                Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on numerous pending motions.  In chronological order, they are: (1) *Plaintiff's Motion for Clarification* [Doc. No. 203], (2) *Plaintiffs' Renewed Motion for Summary Judgment on Count IX* [Doc. No. 205], (3) *Defendants' Renewed Motion for Sanctions* [Doc. No. 207], (4) *Plaintiffs' Motion for Summary Judgment on Count II-B in Case 10-cv-123* [Doc. No. 214]; (5) *Plaintiffs' Renewed Motion for Partial Summary Judgment on Counts V and VI of Case 1:09-CV-449 and Counts IV-B/C and V of Cases 1:10-cv-123 and 1:10-cv-124* [Doc. No. 225], (6) *Defendant's Motion for Order to Show Cause and to Strike* [Doc. No. 226], (7) *Plaintiffs' Motion for Leave to File Various Motions* [Doc. No. 228], (8) *Plaintiffs' Motion for Summary Judgment on Count III of Case 10-cv-123* [Doc. No. 229] (9) *Plaintiffs' Motion for Reconsideration* [Doc. No. 231]; and (10) *Defendant's Second Motion for Order to Show Cause and to Strike* [Doc. No. 232].  The Court has reviewed the briefs[1] filed by the parties regarding each of these motions,

---

[1] The Court declines to consider, however, Plaintiffs' *Supplement to Motion for Summary Judgment on Count IX* [Doc. No. 230].  Our Local Rules of Civil Procedure provide for a motion and supporting memorandum, a response, and a reply.  *See* D.N.M. LR-Civ. 7.1(a), 7.3(a),

along with the Court's own previous rulings, where relevant, and the applicable legal authorities.

I.      **Motion for Clarification Regarding Straight Party Voting Option [Doc. No. 203] and Renewed Motion for Summary Judgment on Count IX (Counts III-D and IX in 09cv449)**

   A.   **Procedural History**

In order to discuss these two motions, it is necessary to review the claims in Counts III-D and IX as Plaintiffs have pled them, as well as this Court's prior rulings on motions addressing those claims. In Count III-D, Plaintiffs assert two separate legal theories. First, Plaintiffs claim that it is unconstitutional to identify a candidate's qualified party affiliation on the ballot, while using no such designation for independent candidates or candidates who align themselves with disqualified parties, because it amounts to promotion of certain political parties by the state. *See* Doc. No. 1 at ¶¶ 106-115. They also allege that straight party voting option violates the rights of candidates of minor parties. *Id*. at ¶¶ 116-118. Similarly, in Count IX the Plaintiffs asserted two separate legal theories. First, they allege that Section 1-7-2 of the Election Code, which provides for disqualification of parties under certain circumstances, is unconstitutional. *Id*. at ¶¶ 196-200. Second, Plaintiffs again allege that New Mexico's use of the straight party voting option unconstitutionally favors major parties to the detriment of minor parties. *Id*. at ¶¶ 201-205. Thus, to the extent that they challenge the straight party voting option, Counts III-D and IX overlap.

---

7.4(a), and 7.5. Any additional briefs, such as a surreply or supplemental brief, require leave of court. *Id.*, Rule 7.4(b). Plaintiffs failed to obtain such leave prior to filing their supplement. In addition, in a Memorandum Opinion and Order entered March 31, 2011, the Court granted in part Defendant's motion to stay briefing in the case. *See* Doc. No. 224 at 29. With one exception not applicable to Plaintiffs' "supplement," the Court also suspended further briefing in the case. In flagrant disregard of that order, Plaintiffs filed their "supplement" without leave of court. Therefore, it is improper and the Court declines to consider it. Further, as further explained herein, the Court strikes Doc. No. 230 from the record in this case.

In a Memorandum Opinion and Order entered December 8, 2009 [Doc. No. 103], the Court denied Defendant's motion to dismiss Plaintiffs' claim that straight party voting violates the Equal Protection Clause but granted the motion to dismiss the portion of Count IX challenging § 1-7-2 for failure to state a claim. The Court's dismissal of Count IX was without prejudice.[2] Then, in a Memorandum Opinion and Ordered entered December 11, 2009 [Doc. No. 106], the Court addressed Plaintiffs' motion for summary judgment on Count III-D, rejecting Plaintiffs' claim that straight party voting violates the Election Clause and requesting further briefing regarding whether the practice violates the Equal Protection Clause. The Court then addressed Plaintiffs' contention in Count III-D that identification of candidates by qualified party affiliation only violates both the Elections Clause and the Equal Protection Clause. The Court denied Plaintiffs' motion for summary judgment on that claim. *Id.* Thus, at that point in the litigation only the question of whether straight party voting was proper under the Equal Protection Clause remained to be decided. After reviewing the additional briefs filed by the parties, the Court entered a Memorandum Opinion and Order on February 1, 2010 [Doc. No. 124], in which it denied Plaintiffs' motion for summary judgment on that claim and refused to consider legal theories that Plaintiffs had not pled in their Complaint. The Court reasoned that under the balancing test set forth in *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983), the Secretary of State's straight party voting system was constitutional. Noticeably absent was any factual dispute regarding the manner in which straight party voting had been implemented

---

[2] The Court dismissed Plaintiffs' challenge to Section 1-7-2 because they failed to properly plead it. After failing to take advantage of this Court's initial grant of leave to amend their complaint, they urged the Court to expedite ruling on the many summary judgment motions that Plaintiffs had filed. *See* Doc. No. 96. Plaintiffs moved to amend their Complaint to cure their pleading defects. *See* Doc. Nos. 97 and 117. However, due to the Plaintiffs' delay, gamesmanship and improper procedural tactics which have been documented extensively by the Court, it denied Plaintiffs leave to amend on grounds that it would result in unfair prejudice to the Defendant. *See* Doc. No. 124.

in the past, or a discussion of whether the Secretary of State's application of it was inconsistent. Instead, the challenge that Plaintiffs mounted to straight party voting was legal. On September 22, 2010, the Court entered a Memorandum Opinion and Order [Doc. No. 202] denying Plaintiff's motion to reconsider its rulings on Count III-D, or in the alternative, to set the case for trial. Finally, on March 31, 2011, the Court ruled on Plaintiffs' motion for summary judgment on Count II-D of each of their complaints in consolidated cases 10cv123 and 10cv124. *See* Memorandum Opinion and Order entered March 31, 2011 [Doc. No. 224] at 22. This claim corresponds to Count III-D in the lead case and therefore asserts that permitting straight party voting for major party candidates, but not minor party candidates, violates minor parties' constitutional rights under the Equal Protection and Elections clauses, and alleges that identifying major party candidates on the ballot by party affiliation is unconstitutional when neither independent or minor party candidates are similarly identified. The Plaintiffs made the same arguments in favor of their claims, and consequently the Court denied Plaintiffs' motion for summary judgment on the same grounds that it had done so previously. *Id*. at 22-23. Against this background the Court must rule on *Plaintiff's Motion for Clarification* [Doc. No. 203] and *Plaintiffs' Renewed Motion for Summary Judgment on Count IX* [Doc. No. 205].

      **B.**     **Plaintiffs' Current Motions**

In their motion for clarification, Plaintiffs point out that while the Court denied the Defendant's motion to dismiss Count III-D for failure to state a claim, it also denied Plaintiffs' motion for summary judgment and motion to reconsider, and yet did not set the case for trial on the merits. Thus, Plaintiffs argue, their challenge to straight party voting is in limbo as there are factual matters yet to be resolved at trial. For the first time, Plaintiffs contend that at a trial of this matter, they will bring forward evidence that undermines the Defendant's proffered rationale for limiting

the straight party voting option to major parties in an effort to make the voting process more efficient and to avoid undercounts. Plaintiffs suggest that at a trial on Count III-D, they will present evidence that the Secretary of State has not consistently limited the straight party voting option to major parties, and that when it was a major party, the Green Party appeared on the ballot with a straight party voting option, despite offering candidates in relatively few races. Plaintiffs further contend that they can offer evidence of the lack of a fixed standard number of candidates a party must offer in order for the Defendant to allow that party to make use of the straight party voting option, suggesting that the Defendant's decisions in this regard are arbitrary. Plaintiffs argue that the evidence undermines the Defendant's proffered state interest in the existing straight party voting practice, and that there are no objective or consistent standards for applying the practice. In addition, Plaintiffs argue that the Secretary has violated Section 1-2-1(A)(2) of the Election Code by failing to follow the State Rules Act in setting guidelines for the application of the straight party voting option. Finally, Plaintiffs contend that while Defendant may have defeated the Plaintiffs' motion for summary judgment, the Defendant herself has not filed a motion for summary judgment, and that fact combined with the foregoing factual issues, precludes the Court from entering judgment in favor of the Defendant on Count III-D. The Defendant did not respond to the motion for clarification.

One week after filing their motion for clarification, Plaintiffs filed a "renewed" motion for summary judgment on Count IX [Doc. No. 205]. As described above, Count IX includes the claim that Section 1-7-2 of the Election Code, which provides for disqualification of parties under certain circumstances, is unconstitutional. The overwhelming majority of Plaintiffs' 26-page motion focuses on this portion of Count IX, which has been dismissed and which Plaintiffs have not been permitted to amend. The Plaintiffs also briefly mention the portion of Count IX challenging straight

5

party voting, but they spend less than one page of their motion on that claim.  *See* Doc. No. 205 at 21-22.  In her response, Defendant argues that Plaintiffs' "renewed" motion for summary judgment should be denied because her claim challenging Section 1-7-2 has been dismissed.

### C.	Discussion

*Plaintiffs' Renewed Motion for Summary Judgment on Count IX* [Doc. No. 205] will be denied.  As Defendant correctly points out, Plaintiffs' claim that Section 1-7-2 of the Election Code is unconstitutional has been dismissed and the Court denied Plaintiffs leave to amend it.  In other words, from a procedural viewpoint that claim has been terminated, and therefore there exists no basis to grant Plaintiffs summary judgment on that claim.  As for the portion of the motion that requests summary judgment in favor of Plaintiffs on their claim that the straight party voting option is unconstitutional, it adds no arguments or evidence that the Court has not already addressed in its extensive prior discussions of the straight party voting issue.  Accordingly, the motion will be denied.

*Plaintiff's Motion for Clarification* [Doc. No. 203] presents a more complicated question.  From a procedural standpoint, Plaintiffs are correct that the portion of Count III-D challenging straight party voting is in limbo.  Initially, the Court denied Defendant's motion to dismiss for failure to state a claim.  Later, after requesting additional briefing from the parties, the Court denied Plaintiffs' request for summary judgment in their favor.  The Defendant has not filed a motion for summary judgment.  Thus, there exists no procedural vehicle by which the Court may grant judgment in favor of the Defendant.  Plaintiffs urge the Court to set the matter for trial on the grounds that there are fact issues to be decided by the jury.  Based on the current record, the Court disagrees.

Plaintiffs contend that the "underlying issue remains to be resolved by trial."  Doc. No. 203

at 1.  Then, for the first time Plaintiffs challenge the factual basis for the State's expressed interest for giving the straight party voting option only to major parties.  In prior briefing, the Secretary of State has stated that from the point of view of an equal protection claim, minor parties are not similarly situated to major parties because they typically offer candidates in very few races, whereas the major parties offer candidates in most races.  Doc. No. 102 at 23-24.  Further, Defendant states that she offers the straight voting option to the major parties because the minor parties usually have only a few candidates on the entire ballot, and a "straight party vote" for such a party will result in a significant undercount in the many races for which that party offers no candidate.  *Id.* at 24.  In contrast, the major parties typically offer candidates in most races, and the straight party voting option gives voters who would otherwise go through and select all candidates from one major party in all races the opportunity to save time by using the straight party vote.  Finally, she offers the option because voters want it, and because for some voters it makes the voting process easier.  Doc. No. 65 at 4 and n.2.  Now, for the first time Plaintiffs allege that this proffered state interest is not real, that straight party voting does not contribute to the state interest, and there are no objective standards for applying state party voting in a consistent manner.  Doc. No. 203 at 2.  This is an entirely new argument by the Plaintiffs.  Despite the fact that Plaintiffs have filed numerous motions for summary judgment and supplemental briefs relating to their claim that straight party voting in New Mexico is unconstitutional (*see, e.g.*, Doc. Nos. 44, 73, 95, 107, 114, 125, 159, and 180), they have never before hinted that the Secretary of State has implemented straight party voting in an inconsistent manner without objective standards, or that the proffered state interest in efficient voting and avoiding undercounts is not real.  Now, Plaintiffs contend that unspecified

> evidence that can be introduced at trial will show that the Secretary has not consistently limited the straight party voting option to Republican and Democrat. To the contrary, in prior elections, the straight-party voting option on the ballot has

7

> included other parties—even though they had few candidates on the ballot. The existence of this fact raises questions about the validity of the Secretary's justification for her current practice and whether the State really has a justification sufficient to enable it to prevail under the balancing test of *Anderson v. Celebreze*.

Doc. No. 203 at 2. Plaintiffs do not offer the evidence at this time, leaving open to question whether the evidence exists and, if so, what form it will take.

The Court requires further briefing on this issue from the parties. First, Plaintiffs may file their statement of the evidence in which, as they would in an motion for summary judgment, they provide the Court with the admissible evidence in support of their motion. The Court cautions Plaintiffs that they may not file an entirely new motion or brief, but rather only a statement of the evidence to support the assertions made in their motion for clarification. Plaintiffs' statement of the evidence must be filed no later than October 17, 2011. Then, the Defendant may file her response brief no later than November 4, 2011. The Court expects the response to address the following issues: (1) Defendant's position, including citations to legal authority, on the procedural posture of Plaintiffs' claim that straight party voting violates the Equal Protection clause; (2) the effect, if any, of recent amendments to the Election Code on Plaintiffs' claim; (3) identification of the specific fact issues, if any, that remain to be resolved regarding this claim; and (4) whether a fact issue exists and evidence to support Defendant's positions, or alternatively an affidavit that meets the strict requirements of Rule 56(d). Plaintiffs' reply will be due in accordance with the Local Rules.

**II.     Plaintiffs' Motion for Summary Judgment on Count II-B (Case 10cv123) [Doc. No. 214]**

Plaintiffs Alan Woodruff and Green Party of New Mexico have moved for summary judgment on Count II-B of their Complaint in member case 10cv123. This claim corresponds to Count III-B in case 09cv449. Though some of the supporting allegations in the two claims are

different, the underlying legal claim is the same—that the Secretary of State's practice of making nominating petition forms for minor party candidates available in October of each odd-numbered year violates the Elections Clause. In a Memorandum Opinion and Order entered December 8, 2009, the Court granted the Defendant's motion to dismiss Count III-B for failure to state a claim. *See* Doc. No. 103 at 12-16. For the reasons discussed in that opinion, the Court dismissed Count III-B with prejudice. Having dismissed Count III-B with prejudice, the Court also denied as moot Plaintiffs' motion for summary judgment on that claim.

Two months later, Plaintiffs Alan Woodruff and the Green Party of New Mexico filed their complaint in 10cv123. Despite the fact that the Court had dismissed Count III-B with prejudice, Plaintiffs attempted to obtain a second bite at the apple. They changed a few of the supporting allegations and renumbered it as Count II-B in their new complaint, but the underlying claim remained the same. They, they moved for summary judgment on that claim. *See* Doc. No. 214. In the meantime, the Defendant moved to dismiss the claim on the grounds that it was simply a rehash of Count III-B in 09cv449. In a Memorandum Opinion and Order entered March 31, 2011, the Court granted that motion and dismissed Count II-B in 10cv123. Thus, the claim has been dismissed and Plaintiffs' motion for summary judgment will be denied as moot.

### III. Defendant's Renewed Motion for Sanctions [Doc. No. 207] and Motions for Orders to Show Cause and to Strike [Doc. Nos. 226 and 232]

To the extent that the Plaintiffs have aimed to make the case as confusing and burdensome to both the Defendants and the Court by using questionable procedural tactics, they have succeeded. In the Court's March 31, 2011 Memorandum Opinion and Order, it granted in part the Secretary of State's motion (Doc. No. 142) to suspend briefing and for sanctions. *See Memorandum Opinion and*

9

*Order*, Doc. No. 224 at 29. In view of the escalating procedural tactics employed by Plaintiffs in the consolidated cases, including repetitive motions filed on overlapping legal claims, and the resulting waste of judicial resources, the Court stayed briefing in the consolidated cases until further notice from the Court. The Court made one exception to the stay, allowing Plaintiffs to file a shorter, revised motion for summary judgment on Count V only.[3] Plaintiffs had filed an 81-page motion for summary judgment on Counts V and VI that violated the Local Rules. The Court denied the motion but permitted the Plaintiffs to refile it provided that the revised motion was no longer more than 35 pages in length, that it meet the formatting requirements of the Local Rules, and that Plaintiffs omit argument regarding Count VI, as that claim had already been dismissed with prejudice. Doc. No. 224 at 3-4 and n.3

Just over a week later, on April 8, 2011, Plaintiffs filed their *Renewed Motion for Partial Summary Judgment On Counts V and VI of Case 1:09-cv-449 and Counts IV-B/C and V of Cases 1:10-cv-123 and 1:10-cv-124*. *See* Doc. No. 225. By moving for summary judgment on Count VI in 09cv449 (and its counterpart, Count V in the two consolidated cases), Plaintiffs violated the express terms of this Court's March 31, 2011 Memorandum Opinion and Order. The Defendant acted quickly, filing her *Motion for Order to Show Cause and to Strike* [Doc. No. 226], also on April 8, 2011. She asks the Court to strike those portions of Plaintiffs' motion that violate the March 31, 2011 order and to issue an order to show cause why Plaintiffs should not be sanctioned for that violation.

Then, on April 13, 2011, Plaintiffs struck again. *See* Doc. No. 228. First, they filed a motion

---

[3] At the time the Court entered its March 31, 2011 Memorandum Opinion and Order, *Defendant's Renewed Motion for Sanctions* [Doc. No. 207] was already pending. Although the Court's March 31, 2011 opinion did not directly address that particular motion, it rendered that motion moot. Therefore, at this time the Court will deny the motion as moot.

for leave to file three additional pleadings—a motion for summary judgment on Count III in the two consolidated cases, a supplement in support of their motion for summary judgment on Count IX, and a motion for reconsideration regarding Count VIII. *Id*. Plaintiffs also moved the Court to set a deadline for filing answers in the two consolidated cases, 10cv123 and 10cv124. *Id*. Insofar as the motion requests leave to file additional motions and a supplement, it does not violate the Court's March 31, 2011 order. However, Plaintiffs did not stop there. In addition, Plaintiffs actually filed the two motions and the supplement without leave of court. *See* Doc. Nos. 229, 230 and 231. These actions violated the Court's prior express order, prompting Defendant to file her *Second Motion for Order to Show Cause and to Strike*. Doc. No. 232. In that motion, the Secretary of State asks the Court to strike not only the two latest motions for summary judgment and the supplement, but also the motion for leave to file those documents. She also asks the Court to enter an order requiring Plaintiffs to show cause why they should not be sanctioned for violating the Court's March 31, 2011 order and why attorney's fees should not be awarded to the Secretary of State.

The Court will deny Plaintiffs' motion for leave to file motions, on the grounds that Plaintiffs violated the Court's March 31, 2011 order by filing those motions without leave of court. The Court will grant both of Defendant's motions for order to show cause. Specifically, the Court strikes those portions of Doc. No. 225 that do not pertain to Count V in 09cv449, and strikes Doc. Nos. 229, 230, and 231 in their entirety. In addition, the Court hereby orders Plaintiffs to show cause, in writing, no later than October 17, 2011, why they should not be sanctioned for violating this Court's March 31, 2011 order.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Motion for Clarification* [Doc. No. 203] is **GRANTED IN PART**, with the

parties to provide additional briefing as described herein;

(2) *Plaintiffs' Renewed Motion for Summary Judgment on Count IX* [Doc. No. 205] is **DENIED**;

(3) *Defendant's Renewed Motion for Sanctions* [Doc. No. 207] is **DENIED AS MOOT**;

(4) *Plaintiffs' Motion for Summary Judgment on Count II-B in Case 10-cv-123* [Doc. No. 214] is **DENIED AS MOOT**;

(5) Defendant's *Motions for Orders to Show Cause and to Strike* [Doc. Nos. 226 and 232] are both **GRANTED**;

(6) *Plaintiffs' Motion for Leave to File Various Motions* [Doc. No. 228] is **DENIED**;

(6) Document Nos. 229, 230, and 231 are hereby **STRICKEN** from the record in their entirety, along with portions of Document No. 225 as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiffs must show cause, in writing, no later than October 17, 2011, why they should not be sanctioned for their failure to abide by this Court's order of March 31, 2011.

_____
**UNITED STATES DISTRICT JUDGE**