IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALAN P. WOODRUFF, DANIEL FENTON,
LIBERTARIAN PARTY OF NEW MEXICO,
GREEN PARTY OF NEW MEXICO, and
DONALD HILLIS,

                **Plaintiffs,**

vs.                                                               Civ. No.  09-449 JH/KBM
                                                            *consolidated with*
MARY HERRERA, in her official capacity                Civ. No. 10-123 JH/KBM
as New Mexico Secretary of State,                         Civ. No. 10-124 JH/KBM

                **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' *Motion for Order to Show Cause And To Compel Payment Of Fees And For Sanctions* [Doc. 287]. After reviewing the motion for order to show cause, the response, the reply, and the supplemental reply, the Court concludes that the motion should be granted as further described herein.

## DISCUSSION

On September 30, 2014, in accordance with 28 U.S.C. § 1988, this Court awarded Plaintiffs attorney's fees in the amount of $45,000. Doc. 286. In that same Memorandum Opinion and Order, the Court awarded Plaintiffs costs in the amount of $2,615.64. *Id.* As Plaintiffs did not request post-judgment interest, there was no mention of it in the Court's order. *Id.* The months passed, and yet Defendant did not pay the judgment amount to Plaintiffs. Finally, on June 3, 2015, Plaintiffs filed the motion for order to show cause why Defendant had yet to pay Plaintiffs the amount owed despite repeated phone calls, inquiries, and requests for payment

by Plaintiffs' counsel. In the current motion, Plaintiffs request interest on the fees and costs owed in accordance with 28 U.S.C. § 1961(a), the imposition of monetary sanctions on the Defendant, and an award of attorney's fees incurred by Plaintiffs in seeking this relief.

It was only after Plaintiffs filed their motion that Defendant finally paid the judgment. In fact, Defendant paid with a check dated June 12, 2015, which was accompanied by a Warrant Remittance from the Department of Finance and Administration for the State of New Mexico showing that it was acting on an invoice dated June 4, 2012—the day after Plaintiffs filed their motion. In the response brief [Doc. 288], Defendant offers no explanation for the long delay other than an unsatisfactorily brief and vague reference to "a time-consuming process involving multiple state agencies." *Id*. at 2.

On November 10, 2015, the Court held a hearing on the Plaintiffs' motion at which counsel for all parties appeared. Counsel for Defendant denied any "willful or contumacious conduct meriting sanctions" and continued to oppose the imposition of sanctions on the grounds that Plaintiffs had not offered a valid legal basis for such. Defendant asserted that Plaintiffs' counsel's own briefs "make[] clear that there were efforts over the months to get payment made." The Court agrees with Defendant that the written record shows an effort by Plaintiffs' counsel to get payment made, but not with the suggestion that the Defendant was making any reciprocal effort. In fact, it was only on the record at the hearing that Defendant offered its first and only explanation for the delay—that having failed to secure an appropriation from the legislature, the Secretary of State's Office had to take the funds out of its operating budget, and that "it took time to get it worked out."

**I.      POST-JUDGMENT INTEREST**

28 U.S.C. § 1961 governs the imposition of post-judgment interest in a case such as this. It states, in pertinent part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated <u>from the date of the entry of the judgment</u>, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. . . .
>
> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

(emphasis added). The phrase "any money judgment" in section 1961(a) includes a judgment awarding attorney's fees and costs. *Wheeler v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993); *R.W.T. v. Dalton*, 712 F.2d 1225, 1234 (8th Cir. 1983); *Spain v. Mountanos*, 690 F.2d 742, 747-48 (9th Cir. 1982); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir. 1983) (en banc). Denial of such interest constitutes reversible error. *Dalton*, 712 F.2d at 1234-35; *Perkins v. Standard Oil Co.*, 487 F.2d 672, 675 (9th Cir. 1973) ("[T]here exists no real distinction between judgments for attorneys' fees and judgments for other items of damages.... [O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed.").

In this case, the date of the judgment awarding attorney's fees was September 30, 2014. In accordance with § 1961, post-judgment interest must begin to accrue at that time. *Starrett v. Wadley*, 876 F.2d 808, 825 (10th Cir. 1989). The weekly average 1-year constant maturity Treasury yield for the calendar week preceding that date was .10%. Multiplying the total amount of the judgment by the weekly average 1-year constant maturity Treasury yield ($47,615.64 x .10) gives an annual interest amount of $4,761.56. Dividing this amount by 365 (the number of

3

days in a year) yields a daily interest amount of $13.05. Then, this amount is multiplied by the number of days, beginning September 30, 2014, that the judgment remained outstanding. Although the date on the Defendant's check for the judgment amount is June 12, 2015, there is no evidence as to when this check was presented to Plaintiffs. However, counsel for the Defendant stated on the record at the hearing that the check was cashed or deposited on June 23, 2015. Thus, the judgment remained unpaid for 266 days. This number, multiplied by the daily interest amount of $13.05, equals post-judgment interest of **$3,471.30**. The Court hereby imposes post-judgment interest in that amount to be paid by the Defendant no later than **December 9, 2015**.

## II.     ATTORNEY'S FEES

The Court concludes that Plaintiffs should recover their attorney's fees incurred in bringing the motion for order to show cause. A review of the record shows that over a period of eight and a half months, Plaintiffs attempted repeatedly to obtain payment from the Defendant to no avail. The record further suggests that it was only the filing of Plaintiffs' motion that spurred the Defendant to make payment, as evidenced by the fact that the very next day Defendant prepared an invoice and eight days after that printed a check for the amount owed. This further suggests that, absent the filing of Plaintiffs motion, the judgment would still remain unpaid. Accordingly, the Court will award Plaintiffs their fees in preparing their motion and supporting reply brief. Plaintiffs may file their petition for fees no later than **November 30, 2015**.

**IT IS THEREFORE ORDERED** that:

(1)     Plaintiffs' *Motion for Order to Show Cause And To Compel Payment Of Fees And For Sanctions* [Doc. 287] is **GRANTED**;

(2)     Defendant must pay Plaintiffs post-judgment interest in the amount of **$3,471.30** no later than **December 9, 2015**.

(3)     Plaintiffs may submit their petition for fees no later than **November 30, 2015**.

_____
**UNITED STATES DISTRICT JUDGE**